

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| TAVEIO RAUOL BILAL BOSTON,<br>    Petitioner,<br><br>vs.<br><br>WARDEN REYNOLDS,<br>    Respondent. | §<br>§<br>§<br>§  CIVIL ACTION NO. 5:14-4473-MGL-KDW<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THE PETITION WITH PREJUDICE

This case was filed as a 28 U.S.C. § 2254 petition. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 17, 2015, and the Clerk of Court entered Petitioner's objections to the Report on December 21, 2015. The Court has reviewed the objections, but finds them without merit. Therefore, it will enter judgment accordingly.

Petitioner states in his objections that "Petitioner's plea was involuntarily made because it is a fact that Petitioner did not go into this plea intelligently. If it was intelligently made[,] then the doctor[ ]s [who] evaluated . . . Petitioner would not have stated that [ ]before Petitioner goes up for any sentencing[ ] that he should be evaluated once again to make sure he understands what he's up against." ECF No. 56 at 4. But, that is not what the doctors stated. According to Petitioner's Competency to Stand Trial Evaluation, conducted on November 19, 2008, and December 17, 2008, by Dr. Bradley Freeman and Dr. Richard L. Frierson, both from the University of South Carolina School of Medicine, the doctors concluded that it was their "opinion that [Petitioner] [was] currently competent to stand trial." ECF No. 43-1 at 20, 26-8 at 9. "Should there be concerns about his ongoing competency at the time of trial, we would recommend that he be reevaluated at that time." *Id.* From the Courts's review of the record, however, no such concerns were present at the time of Petitioner's plea. As such, the Court will overrule this objection.

Petitioner also maintains that the doctors "stated clearly that . . . Petitioner can read, see or hear something and wouldn't be able to comprehend or understand it. This is a fact." ECF No. 56 at 5. Petitioner failed to point the Court to where this statement is to be found in the record, hence, the Court has made a de novo review of the voluminous record in an effort to locate it. Evidently, Petitioner's objection arises from Petitioner's interpretation of something that Dr. Aalece O. Pugh-Lilly and Dr. Craig S. Williams, both from the South Carolina Department of Juvenile Justice, wrote in Petitioner's Pre-Adjudicatory Transfer (Waiver) Evaluation. In that evaluation, the doctors stated that Petitioner "appears to have relative strengths for perceptual, spatial, and visual abilities and working memory, compared to his verbal/abstract reasoning abilities." ECF. No. 43-2 at 3. Just after that statement, in what the Court assumes to be Petitioner's handwriting is apparently

2

Petitioner's interpretation of the doctors' statement: "Meaning he could read well but not understand or know the reason for things[.]" *Id.* Inasmuch as Dr. Pugh-Lilly and Dr. Williams did not state what Petitioner contends that they did, this objection will also be overruled.

Petitioner's arguments regarding laches and equitable tolling are inapplicable inasmuch as the Report makes no mention of either doctrine as the basis for the Magistrate Judge's recommendation. Therefore, the Court will overrule this objection, as well.

The Court applies the law as it is; not how it might wish it to be. Accordingly, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Consequently, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and the petition is **DISMISSED WITH PREJUDICE**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 30th day of December, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.